114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kaeleen TABER, Plaintiff-Appellant,
v.
MURDOCH MAGAZINES; Eric Keto; News America Publications
Inc., dba, Murdock Magazines, Defendants-Appellees.
Kaeleen TABER, Plaintiff-Appellant,
v.
MURDOCH MAGAZINES DISTRIBUTION DIVISION, a corporation;
News America Publications, Inc., individually and d/b/a
Murdoch Magazines Distribution Division; Stephen M. Leach;
Eric Keto, Defendants-Appellees.
 Nos. 96-55166, 96-55915.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1997.
Decided May 23, 1997.
 
 Before: THOMPSON, and T.G. NELSON, Circuit Judges, and FITZGERALD,* District Judge.
 MEMORANDUM**
 Kaeleen Taber, a former at-will employee of Murdoch Magazines, appeals just one aspect of the district court's order granting summary judgment in favor of Murdoch and her former supervisor, Eric Keto.[1] Basically, Taber contends that she was wrongfully terminated in violation of public policy after she complained about Murdoch's failure to pay overtime. She seeks damages arising from her wrongful termination. In this consolidated appeal, Taber also challenges the district court's order awarding attorney's fees.
 Because we find genuine issues of material fact precluded the entry of summary judgment, we reverse and remand for further proceedings on the merits, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and on the award of fees, Morales v. City of San Rafael, 96 F.3d 359, 362 (9th Cir.1996), amended on denial of r'hrg, 108 F.3d 981 (1997).
 I. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY CLAIM
 A cause of action for wrongful termination in violation of public policy is a recognized exception to the employment-at-will doctrine. Gantt v. Sentry Ins., 824 P.2d 680, 683 (Cal.1992). As required by Gantt, Taber "ties" her cause of action for wrongful discharge in violation of public policy to specific provisions of public policy codified in California's overtime statutes. Id. at 688.
 If an employee is entitled to overtime pay under California law, the employer may not abrogate its obligation to pay such compensation by written agreement. Further, absent an explicit wage agreement, a fixed salary does not serve to compensate an employee for statutory overtime worked.
 Because the California wage and hour laws are modeled to some extent on federal laws, federal cases may provide persuasive guidance. However, [some of California's exemptions are narrower than the FLSA and] [t]he employer bears the burden of proving an employee is exempt. Exemptions are narrowly construed against the employer and their application is limited to those employees plainly and unmistakably within their terms.
 Nordquist v. McGraw-Hill Broadcasting Co., Inc., 38 Cal.Rptr.2d 221, 225-26 (Cal.Ct.App.1995) (emphasis added, citations and footnote omitted). Compare Magana v. Commonwealth of Northern Mariana Islands, No. 95-16120, 1997 WL 212509, at * 11 (9th Cir. May 1, 1997) (exemptions to the FLSA are "narrowly construed" and employers have the burden of proving employees fit "plainly and unmistakably" within an exemption's terms).
 On remand, the district court must first require Murdoch to meet its burden of proving that Taber was not entitled to overtime because she was "plainly and unmistakably" an "exempt" employee. Nordquist, 38 Cal.Rptr.2d at 226. Murdoch claims Taber was exempt because she was an "outside salesperson" under the terms of California Labor Code section 1171 and California Code of Regulations section 11040(2)(J). Although Taber concedes that she spent more than half of her time working away from Murdoch's office, she contends that she does not fit within the definition of "outside salesperson" because she "sold nothing" and "took orders for nothing." Moreover, Taber says she never "explicitly" agreed that Murdoch would not be required to pay her overtime, and was never advised that she was considered an "outside salesperson" or an "exempt employee." Given the contentions of the parties, we find resolution of this threshold issue to be fact dependent and not susceptible to summary judgment.[2]
 If Murdoch meets its burden and proves Taber was exempt from receiving overtime under California law, then Taber cannot tie her claim to a violation of public policy by Murdoch and the inquiry ends. However, if Murdoch fails to prove Taber was an exempt employee, it seems that the district court should then require Taber to bear the burden of proving that Murdoch's claim that it terminated her because of "poor job performance" was a "pretext" for the real reason for which she alleges she was terminated (i.e., because she complained about not receiving overtime to which she was legally entitled). We are not aware of any decision published by a California court which specifically employs the burdens of proof used in discrimination cases for cases involving retaliatory discharges in violation of public policy. However, we note that the district court referred to the shifting burdens of proof set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and on appeal, the parties each discuss terms such as prima facie case and pretext.[3]
 II. AWARD OF ATTORNEY'S FEES
 Having concluded that genuine issues of material fact exist and that the district court did not follow California law when it entered summary judgment on Taber's claim for wrongful termination in violation of public policy arising from Murdoch's failure to pay overtime, we must overturn the award of attorney's fees. Morales, 96 F.3d at 362. The district court's award of $50,434.38 in attorney's fees to Murdoch pursuant to California Government Code section 12965(b) was premised on a finding that Taber's FEHA claims were "without foundation." However, as pointed out by Taber, the district court's decision does not acknowledge that "a substantial part" of her cause of action for wrongful termination in violation of public policy is based on provisions of the California Labor Code, rather than the FEHA.
 In addition, Taber argues that it was inappropriate for Murdoch to receive fees on the basis that all of her claims under the FEHA were "without foundation," because her claim that Murdoch fired her in retaliation for complaining about overtime violations under the Labor Code is "arguably within FEHA retaliation parameters." We find Taber's point to be well taken. See, e.g., Strother v. Southern Cal. Permanente Med. Group, 79 F.3d 859 (9th Cir.1996) (reversing summary judgment on retaliation claim under California's FEHA).
 III. CONCLUSION
 The district court's order granting summary judgment on Taber's claim that Murdoch wrongfully terminated her in violation of public policy following her complaints about Murdoch's failure to pay overtime should be, and is hereby, REVERSED. The case is REMANDED for a trial on whether Taber was exempt from receiving overtime and, if not, whether she was terminated because of her complaints about not receiving overtime.
 We also REVERSE the award of attorney's fees and REMAND for further consideration. Regardless of the outcome at trial, the district court shall modify its award after making specific findings which apportion the fees incurred by Murdoch in defending against Taber's FEHA claims which were "without foundation," as opposed to fees incurred by Murdoch in defending against Taber's overtime/public policy violation claim under California's Labor Code and related retaliation claim under the FEHA.
 REVERSED and REMANDED.
 
 
 
 *
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Throughout this memorandum, defendants are collectively referred to as Murdoch
 
 
 [2]
 See, e.g., Allan L. Schwartz, Annotation, Who is Employed in "Capacity of Outside Salesman" within Meaning of § 13(a)(1) of Fair Labor Standards Act (29 USCS § 213(a)(1), as Amended, Exempting Such Employees from Minimum Wage and Overtime Requirements of Act, 26 A.L.R.Fed. 941, 952-953 (1976 & 1995 Supp.) (analyzes "outside salesperson" exemption under FLSA, which is analogous to exemption under Cal. Labor Code § 1171, and explains that its applicability may depend on various "indicia" of a given employment situation (e.g., whether the person receives "commissions," or has been "trained in sales," etc.) and the "totality of the circumstances")
 
 
 [3]
 California courts have relied upon federal interpretations of Title VII to interpret analogous provisions of the FEHA, which prohibits unlawful discrimination. Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 269-70 (9th Cir.1996) (citing Clark v. Claremont Univ. Ctr. & Graduate Sch., 8 Cal.Rptr.2d 151, 164 (Cal.Ct.App.1992)). The analytical framework used in discrimination cases seems equally appropriate in cases alleging wrongful termination in violation of public policy, and on remand, the district court may want to apply similar steps. Cf. Wallis v. J.R. Simplot Co., 26 F.3d 885, 888-89 (9th Cir.1994) (combining analysis of claims under Title VII, Age Discrimination in Employment Act (ADEA), and Idaho Human Rights Act (IHRA) )